**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FERNANDO BRAMBILA QUEZADA,

Petitioner,

v.

Case No. 1:26-cv-03280-MIS-DLM

WARDEN, in his official capacity as Warden of Torrance County Detention Center MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Fernando Brambila Quezada's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 1, 2026. The federal Respondents filed a Response on October 13, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Mexico who entered the United States in 2007 near San Diego, California, under a B2 visa, authorizing him to stay no more than six months. See Pet. ¶ 19; Form I-213 at 2, ECF No. 6-1. Petitioner remained in the United States after the expiration of his visa. Form I-213 at 2. In 2014, Petitioner made an Application for Employment Authorization (I-765) and a Request for Consideration of Deferred Action for Childhood Arrival (I-821D) but both applications were denied. Id.

On May 19, 2026, Petitioner was arrested and charged by the Valencia County, NM, Sheriffs' Office for Criminal Damage to the Property of a Household Member (Under $1,000). Id. In addition, he had previously been charged with battery on or about April 23, 2024, but those charges were dismissed. Id. United States Immigration and Customs Enforcement ("ICE") officers learned Petitioner was detained in the Valencia County Detention Center and ICE took custody of him on May 21, 2026. Id. Petitioner was provided a Notice to Appear for removal proceedings that day. Id. He has remained in immigration custody since and is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Pet. at ¶ 2.

On September 9, 2026, an Immigration Judge ordered Petitioner removed to Mexico. See Order of the Immigr. Judge, ECF No. 6-2. Petitioner appealed the Removal Order on September 23, 2026. ECF No. 6-3.

On October 1, 2026, Petitioner filed the instant Petition. ECF No. 1.

On October 2, 2026, the Court issued an Order to Show Cause and Enjoining Transfer which instructed Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." ECF No. 4.

On October 9, 2026, an Immigration Judge held a bond hearing and denied bond, finding:

> Respondent is a flight risk. He is ordered removed on September 9, 2026, visa overstay, he claims no fear of return to Mexico. He is also asylum barred for failing to file an application in a timely fashion. He is also a danger to the community. First arrest for battery. Second arrest for criminal damage to property and restraining order issued against him based upon a 2026 domestic disturbance.

Order of Immigr. Judge (Oct. 9, 2026), ECF No. 6-4.

On October 13, 2026, Respondents filed a Response to the Petition. ECF No. 6.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner appears to argue that his detention violates his Fifth Amendment due process rights in that Respondents have not provided him with "notice or opportunity to be heard prior to detaining him." Pet. at 11. He also asserts, presumably because 8 U.S.C. § 1226(a) provides for discretionary detention, that his detention without a bond hearing violates the INA. Id. at p. 13.

Finally, Petitioner asserts his detention is unlawful because ICE lacked a warrant to arrest him. Id. at 13-14 (arguing that Respondents' "policy, pattern, and/or practice of making warrantless arrests without the required individualized flight risk analysis is [a] 'final agency action.'"). Respondents argue that the Court should deny the Petition because he has received a bond hearing, and that is all 8 U.S.C. § 1226(a) and Santillan Quiroz require. Resp. at 3-4.

Initially, the Court rejects Petitioner's argument that his detention is unlawful because ICE lacked a warrant to arrest him. "[O]nce deportation proceedings have begun[,] the legality of the alien's detention" based on the absence of a warrant "can no longer be tested by way of a habeas corpus proceeding." Arias v. Rogers, 676 F.2d 1139, 1143-44 (7th Cir. 1982). "Rather, the alien must obtain relief through 'administrative remedies' in removal proceedings. This is because once a 'petitioner[ ] [is] able to pursue' those administrative remedies, 'their detention [is] no longer so lawless as to allow a judge to free them under the habeas corpus statute.'" Rodriguez v. Olson, 814 F. Supp. 3d 945, 955 (N.D. Ill. 2026) (alterations in original) (quoting Arias, 676 F.2d at 1143); see also Castro Pascual v. Dedos, Civ. No. 26-1621 KG/GJF, 2026 WL 2149749, at *16 (D.N.M. July 27, 2026) (citing Min-Shey Hung v. United States, 617 F.2d 201, 202 (10th Cir. 1980) ("[P]etitioner's initial custody was pursuant to an arrest by the immigration officers without a warrant. However, the nature of this custody changed . . . when the District Director . . . made the probable cause determination . . . . The deportation proceedings thus commenced must be allowed to proceed without the intervention of proceedings in the district court challenging the arrest.'"); Chavez de Vasquez v. Baker, Civil Case No.: SAG-25-03657, 2025 WL 3713773, at *2 (D. Md. Dec. 23, 2025) ("Here, with Petitioner's bond determination already made in immigration court and her removal proceedings underway, habeas review challenging her original arrest is not cognizable.")), report and recommendation adopted 2026 WL 2861686 (D.N.M. Sep. 23, 2026);

see also Salina Artero v. Hernandez, Case No. 2:26-cv-00546-TMC, 2026 WL 1179783, at *2 (W.D. Wash. Apr. 30, 2026) (finding that the warrantless arrest of a noncitizen subject to mandatory detention under Section 1231(a) does not provide a basis for habeas relief). Thus, Petitioner is not entitled to habeas relief because his initial detention was allegedly warrantless.

Furthermore, the Court agrees with Respondents that Petitioner has received all the process he is due under the Immigration and Nationality Act and Santillan Quiroz. In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. Here, Petitioner was detained within the interior of the United States and is therefore subject to Section 1226(a). See id. He received a custody redetermination hearing on October 9, 2026, and was denied bond on the grounds that he is a danger to the community and a flight risk. See 10-9-26 Order of the Immigr. Judge, ECF No. 6-4. The Immigration Judge's dangerousness and flight risk determinations are not subject to judicial review. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Singh v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026); Chen v. Dorneker, Case No. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

Although the Court has jurisdiction to review constitutional challenges to bond decisions, Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026), Petitioner did not reply to Respondents' argument or otherwise argue that his custody redetermination hearing was constitutionally (or otherwise) inadequate.[2] See generally Pet.

Because the Court can discern no basis for habeas relief, the Petition must be denied. On a final note, the Court notes that Petitioner has now been detained just over five months. Prolonged detention may in the future violate his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), as Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981). Should Petitioner's indefinite, ongoing detention, with no reasonably foreseeable end in sight, become excessive in

---

[2] Although the Immigration Judge relied on a battery charge that was dismissed and a damage to property charge that appears to be pending, even charges that do not result in convictions may support a finding of dangerousness. See Motylev v. Strafford Cnty. Dep't of Corr., Civil No. 1:26-cv-103-SE-AJ, 2026 WL 2516939, at *3 (D.N.H. Aug. 5, 2026) ("The IJ was permitted to rely on unadjudicated conduct in finding Motylev dangerous by clear and convincing evidence. Even absent a conviction, information contained in a police report or the fact of a criminal charge may be probative of dangerousness. A criminal conviction would necessarily provide weight, but it is not required." (internal citations omitted)); In re Guerra, 24 I. & N. Dec. at 40-41 ("An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable. In the present matter, the Immigration Judge determined that evidence in the record of serious criminal activity, even if it had not resulted in a conviction, outweighed other factors, such that release on bond was not warranted. In light of the broad discretion afforded under section 236(a) of the Act, we find no error in the Immigration Judge's consideration of the information regarding the respondent's alleged involvement in a drug trafficking scheme in determining whether the respondent poses a danger to the community. In the context of custody redeterminations, Immigration Judges are not limited to considering only criminal convictions in assessing whether an alien is a danger to the community. Any evidence in the record that is probative and specific can be considered. Therefore, although we recognize that the respondent has not been convicted of the offenses charged in the criminal complaint, we find that unfavorable evidence of his conduct, including evidence of criminal activity, is pertinent to the Immigration Judge's analysis regarding whether the respondent poses a danger to the community. ").

relation to the Government's legitimate, nonpunitive purpose of facilitating removal, he may file a second petition. See Mardanpour, 2026 WL 963164, at *3-8.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE